IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RAYMOND KELSEY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CIV-10-1292-D |
| ) | |
| WARDEN, F.C.I., EL RENO, ) | |
| ) | |
| Respondent. ) | |

## O R D E R

This matter is before the Court for review of the Report and Recommendation issued by United States Magistrate Judge Doyle W. Argo pursuant to 28 U.S.C. § 636(b)(1)(B)-(C). Judge Argo recommends that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 be denied. Accordingly, Judge Argo also recommends that Petitioner's pending motions for expedited consideration and discovery also be denied. Petitioner has filed a timely written objection. Therefore, the Court must make a *de novo* determination of portions of the Report to which specific objection is made, and may accept, modify, or reject the recommended decision in whole or in part. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Petitioner, a federal prisoner who appears *pro se*, seeks a writ of habeas corpus based on claims of error by the Bureau of Prisons ("BOP") in implementing the Second Chance Act of 2007 ("SCA"), Pub. L. No. 110-199, 122 Stat. 657. Among other things, the SCA amended 18 U.S.C. § 3624(c) to increase the maximum time available for pre-release placement in a residential re-entry center and to require individualized determinations of eligibility based on factors listed in 18 U.S.C. § 3621(b). The Petition raises three issues or grounds for relief. *See* Petition [Doc. No. 1], ¶ 13. Petitioner objects only to Judge Argo's analysis of the first and third issues, and "waives all objection regarding his second issue." *See* Objection [Doc. No. 13], at 5. Petitioner does not address Judge Argo's recommended ruling on his pending motions. Therefore, further review of

these matters is waived.  *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also United States v. 2121 East 30th Street*, 73 F.3d 1057, 1060 (10th Cir. 1996).

The first issue raised by the Petition is whether BOP's interpretation of its discretion under the SCA, as stated in an agency memorandum dated April 14, 2008, violates congressional intent. Judge Argo carefully analyzes this issue and finds that it lacks merit.  Petitioner objects to Judge Argo's reliance on two Tenth Circuit decisions on the ground they are inapposite:  *Garza v. Davis*, 596 F.3d 1198 (10th Cir. 2010); and *Ciocchetti v. Wiley*, 358 F. App'x 20 (10th Cir. 2009). However, Judge Argo utilized *Garza* merely to explain the statutory framework and historical context of Petitioner's arguments.  *See* Report [Doc. No. 12] at 2-3.  Further, Judge Argo relied on *Ciocchetti* only as persuasive authority regarding the court of appeals' view of the April 14, 2008, memorandum.  Petitioner does not address Judge Argo's subsequent analysis of the memorandum and independent conclusion that BOP's existing policy conforms with the requirements of the SCA. *See id*. at 6-8.[1]  The Court fully concurs in this analysis.

Judge Argo finds the third issue – whether BOP has denied Petitioner an individualized placement decision – is moot because Petitioner's unit team conducted a review of his case on August 19, 2010.  Liberally construing Petitioner's objection, he contends that Judge Argo has misconstrued his claim, and his real complaint is that the unit team's decision was predetermined by a prior directive of the warden, restricting consideration of placements longer than six months. This argument seems to rest solely on a written response in June, 2010, to Petitioner's request for an administrative remedy seeking compliance with the Act.  *See* Petition, attach. 5 [Doc. No. 1-5]. Petitioner's apparent position is that the subsequent individualized review and decision by his unit

---

[1] Petitioner also does not address Judge Argo's observation that the April 14, 2008, memorandum may have been overcome by BOP's subsequent revision of regulations to conform to the Act.  *See id*. at 5; *see also* 28 C.F.R. 570.20-570.22; 73 Fed. Reg. 62440 (final rule effective October 21, 2008); *see generally Sacora v. Thomas*, 628 F.3d 1059, 1063-64 (9th Cir. 2010) (relating BOP's various responses to the Act).

team in August, 2010, was a sham. Petitioner presents no factual allegations that would support such a claim, and the record refutes it. *See* Crook Decl. [Doc. No. 8-1].

Further, this Court lacks the authority to grant the relief now requested by Petitioner, that is, to order his immediate pre-release transfer to a residential re-entry or community correctional center.[2] A determination that Respondent has violated the Act would simply result in the issuance of a writ directing the BOP to consider Petitioner's placement in accordance with the Act. *See Wedelstedt v. Wiley*, 477 F.3d 1160, 1168-69 (10th Cir. 2007) (discussing remedy for invalid BOP regulation concerning pre-release transfer). Because it appears that Petitioner has already received the individualized consideration required by the Act, the Court agrees with Judge Argo that there is no basis for relief and, therefore, Petitioner's third claim is moot.

In short, upon *de novo* review of the issues, the Court finds that Petitioner is not entitled to habeas relief for reasons fully explained by Judge Argo, and the Petition should be denied.

IT IS THEREFORE ORDERED that the Court adopts the Report and Recommendation [Doc. No. 12]. The Petition for Writ of Habeas Corpus [Doc. No. 1] is DENIED. Judgment shall be entered accordingly.

IT IS SO ORDERED this 11th day of March, 2011.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

---

[2] In contrast, the Petition simply requests that "this Court order the BOP to reconsider this Petitioner for [community correctional center] placement under the proper interpretation" *See* Petition [Doc. 1] at 13.